# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-792V
### Filed: November 21, 2014

* * * * * * * * * * * * * * * * * * * * * * * *

MORGAN KRUGER,                          *
                                        *
                    Petitioner,         *       Ruling on entitlement; Concession;
v.                                      *       Cause-in-fact; SIRVA; Influenza
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
                    Respondent.         *
                                        *

* * * * * * * * * * * * * * * * * * * * * * * *

## RULING ON ENTITLEMENT[1]

**Vowell**, Special Master:

On August 29, 2014, Morgan Kruger filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that as a result of the administration of an influenza vaccination on January 10, 2013, Petitioner developed a shoulder injury related to vaccine administration the effects of which she suffered longer than six months. Petition at p. 1.

On November 19, 2014, Respondent filed a status report in this case conceding that Petitioner's claim is appropriate for compensation under the Vaccine Act. (ECF No. 18, p. 1.) Specifically, Respondent stated that "Respondent's position is that petitioner meets all of the criteria for Shoulder Injury Related to Vaccine Administration (SIRVA) as set forth by the upcoming Vaccine Injury Table. Therefore it is recommended that compensation be awarded under the Vaccine Injury Compensation Program since the

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post this ruling and order on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

preponderance of the medical evidence indicates that the injury identified in the petition is causally related to the vaccine."[3] (*Id.*)

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master

---

[3] Although the status report does not explicitly use the term "concede" or "concession," Office of Special Masters Staff Attorney Daniel Horner confirmed orally during a status conference with the parties on November 21, 2014, that the status report was intended by Respondent's counsel as a concession regarding entitlement in this case and that her client understood and intended that a ruling on entitlement would result.